UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GLORIA JACCUZZO AND KENNETH P. JACCUZZO | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| HOME DEPOT U.S.A., INC. | MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

Defendant, Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), hereby removes the action captioned *"Gloria J. Jaccuzzo and Kenneth P. Jaccuzzo v. Home Depot U.S.A., Inc.,"* bearing case number C-20204511, Division "B" on the docket of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division. In support of this notice of removal, Defendant pleads the following grounds:

I.

This civil action was filed by plaintiffs, Gloria Jaccuzzo ("Jaccuzzo") and Kenneth P. Jaccuzzo (sometimes collectively "Plaintiffs"), on September 15, 2020, in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing case number C-20204511, Division "B," seeking to recover damages for personal injuries allegedly related to an accident at a Home Depot store located in Lafayette, Louisiana.

II.

Plaintiff, Jaccuzzo, was at the time of the filing of this action, and still is, domiciled in

Louisiana.

III.

Plaintiff, Kenneth P. Jaccuzzo, was at the time of the filing of this action, and still is, domiciled in Louisiana.

IV.

Home Depot, was at the time of the filing of this action, and still is, a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. See, *Affidavit of Susan M. Caruso ("Caruso Affidavit")*, attached hereto as Exhibit "A," at ¶ 3.

V.

The Petition for Damages ("Petition") and Citation were served on Home Depot through its registered agent for service of process on September 25, 2020. See, *Caruso Affidavit,* Exh. "A," at ¶ 4.

VI.

It is not apparent on the face of the Petition that was filed in the 15th Judicial District Court for the Parish of Lafayette that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

IX.

The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiffs. Rather, it is only vaguely alleged that "as a result of the accident [Jaccuzzo] suffered injuries consisting of but not limited to injuries to her right shoulder and the musculo-ligamentous structures thereof and other concomitant symptomology commonly associated with said injuries," for which she seeks to recover damages for past,

present, and future medical expenses, pain and suffering, mental anguish and anxiety, loss of enjoyment of lifestyle, residual physical and mental impairment and disability. Further, Kenneth P. Jaccuzzo seeks damages related to alleged loss of consortium See, *Petition for Damages*, ¶¶ 14-17.

X.

Considering the above, the Court may, therefore, rely on Plaintiffs' pre-suit settlement demand as proof that Plaintiffs seek damages in excess of the jurisdictional threshold. *See, Hines v. Wal-Mart Stores,* 3:14-cv-00183, 2014 WL 3000147, *1 (M.D. La 7/2/2014) (holding that pre-suit settlement demand was "evidence sufficient to show by a preponderance that the amount in controversy exceeded the jurisdictional threshold at the time suit was filed and at the time of removal). See, *Caruso Affidavit,* Exh. "A," at ¶ _____.

XI.

In addition to the above, on May 21, 2020, Home Depot received medical records from Plaintiff's counsel, which include records from Gaitan's treating ophthalmologist, Dr. Christopher Shelby, showing Gaitan underwent eye surgery on December 18, 2019 for a condition Gaitan relates to the alleged accident at Home Depot; and further, Gaitan's treating orthopedic surgeon, Dr. Mark Callahan, Jr., has diagnosed a large full-thickness rotator cuff tear through the supraspinatus and infraspinatus with a significant amount of retraction, for which a reverse total shoulder arthroplasty (shoulder replacement) is recommended. *See, Caruso Affidavit,* Exh. "A," at ¶ 7.

XII.

Thus, it was not until Home Depot received Plaintiffs' correspondence on May 21, 2020, along with copies of records from Gaitan's treating physicians, that it was first put on notice that

the amount in controversy in the action filed by Plaintiff exceeds $75,000, exclusive of interest and costs.

XIII.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, et seq., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XIV.

In compliance with the requirements of 28 U.S.C. §1446(b)(3), this notice of removal is filed within thirty (30) days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XV.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Home Depot to date in state court are attached as Exhibit "B, in globo," and made a part hereof.

XVI.

In compliance with 28 U.S.C. §1446(d), Home Depot hereby certifies that notice of removal is being served on adverse parties, and to the Clerk of Court of the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

WHEREFORE, defendant, Home Depot U.S.A., Inc., prays that this cause be removed from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, to this Honorable

Court, to proceed thereafter in the United States District Court for the Western District of Louisiana.

                Respectfully submitted,

/s/ Susan M. Caruso
M. Davis Ready, T.A. (Bar No. 24616)
Susan M. Caruso (Bar No. 27195)
Megan E. Peterson (Bar No. 34026)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Home Depot U.S.A., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been served upon all counsel of record by facsimile, electronic mail, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 14th day of October, 2020.

                /s/ Susan M. Caruso