Lafayette Parish C-20204511
Filed Sep 15, 2020 1:22 PM B
Martina Reaux
Deputy Clerk of Court

15TH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

GLORIA J. JACCUZZO and KENNETH P. JACCUZZO

VERSUS                                    DOCKET NO.:

HOME DEPOT U.S.A., INC.

### ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, comes GLORIA J. JACCUZZO and KENNETH P. JACCUZZO, both residents of and domiciled in the Parish of Lafayette, State of Louisiana, complaining of HOME DEPOT U.S.A., INC., a foreign corporation domiciled in the State of Delaware, authorized to do and doing business in the State of Louisiana, respectfully represent that:

1.

At all times material hereto, petitioners, Gloria J. Jaccuzzo and Kenneth P. Jaccuzzo were husband and wife and domiciled in the Parish of Lafayette, State of Louisiana.

2.

At all times material hereto, Home Depot U.S.A., Inc., (hereinafter referred to as "Home Depot") was the owner and/or operator of Home Depot Store No. 360 located at 3721 Ambassador Caffery Parkway, Parish of Lafayette, Louisiana (hereinafter sometimes referred to as the "Premises"). Defendant, Home Depot, exercises care, custody and control over the Premises and operates a home improvement store at the Premises: "Home Depot Store No. 360".

3.

The defendant named herein is justly and truly indebted unto petitioners for the injuries and damages set forth herein as a result of the negligent acts of said defendant, its agents, employees and/or representatives in causing an accident on or about October 3, 2019 in the Parish of Lafayette, State of Louisiana.


Certified True and Correct Copy
CertID: 20200916000153
9-29-2020

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/16/2020 10:30 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(4).
20191003167

EXHIBIT B
0020200929032395

4.

On or about October 3, 2019, at approximately 2:00 p.m., petitioner, Gloria J. Jaccuzzo, was a customer and/or patron of Home Depot Store No. 360

5.

While on the Premises and inside of Home Depot Store No. 360, Gloria J. Jaccuzzo was walking down an aisle and/or passageway of the store looking for merchandise when suddenly, without warning or notice, she fell as a result of a string and/or rope and/or packaging band or material located on and/or in the aisle, passageway and/or floor becoming entangled in her foot or feet.

6.

At all times material hereto, the string and/or rope and/or packaging band or material located on and/or in the aisle, passageway and/or floor of the Premises, which was owned and maintained by Home Depot, constituted an unreasonable risk of harm and a defect. The string and/or rope material was located on and/or in the aisle, passageway and/or floor, which was intended for use by invitees, pedestrians and customers, such as petitioner, Gloria J. Jaccuzzo. There were no warning signs and/or devices placed in the area where the string and/or rope material was located. The risk of harm, namely a fall resulting in injury, was reasonably foreseeable by Home Depot, its agents, employees and/or representatives from this hazardous condition.

7.

The string and/or rope and/or packaging band material located on and/or in the aisle, passageway and/or floor was not an open, obvious and apparent hazard given the appearance of the aisle, passageway and/or floor and location of products for sale. Petitioner, Gloria J. Jaccuzzo, was not aware of the existence of the string and/or rope material and/or packaging band on and/or in the aisle, passageway and/or floor prior to this incident.

8.

At all times material hereto, Home Depot Store No. 360 and its premises, including its the floors, aisles, and passageways were under the custody, care and control of the defendant, Home Depot, and its agents, employees and/or representatives.

Certified True and Correct Copy
CertID: 2020091600153
9-29-2020

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/16/2020 10:30 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a) by
20191003167

EXHIBIT B
0020200929032395

9.

At all times material hereto, defendant, Home Depot, failed to properly inspect and/or maintain the floors, aisles, and passageways, bonding or packaging materials of the Premises, so as to warn or provide safe walking areas and allow safe movement to invitees, customers and/or the general public from hazards, such as the hazard that caused injury to the petitioner, Gloria J. Jaccuzzo.

10.

At all times material hereto, and particularly at the time of the accident, Home Depot, as the owner and/or operator of the immovable property and/or home improvement store and building on which the subject Home Depot store is located, failed to properly inspect and/or maintain the premises and store, so as to warn or provide safe floors, aisles, and passageways for pedestrians, invitees, customers and/or the general public from hazards such as the hazard that caused injury to the petitioner, Gloria J. Jaccuzzo.

11.

On information and belief, prior to the October 3, 2019 incident, the defendant, Home Depot, and/or its agents, employees and/or representatives knew and/or should have been aware of the string and/or rope and/or packaging material that created a dangerous condition on and/or in the aisles, passageways and/or floors of Home Depot Store No. 360. Furthermore, defendant, Home Depot, and/or its agents, employees and/or representatives could have prevented the injuries to petitioner, Gloria J. Jaccuzzo, by exercising reasonable care in cleaning, inspecting and/or maintaining the floors, aisles, and/or passageways of Home Depot Store No. 360, where the material was located.

12.

In the alternative, even if defendant, Home Depot, its agents, employees and/or representatives did not know of the existence of the string and/or rope material and/or packaging material, then defendant, Home Depot, its agents, employees, and/or representatives should have known, through exercise of reasonable care, of the string and/or rope material and/or packaging material on and/or in the aisle, passageway and/or floor of the Premises.

Page 3 of 5


Certified True and Correct Copy
CertID: 2020091600153
9-29-2020

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/16/2020 10:30 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a) 20191003167

EXHIBIT B
020200929032395

13.

A proximate cause of the accident and injuries sustained by Petitioner was a result of the following non-exclusive list of omissions and/or commissions on the part of the defendant, Home Depot, its agents, employees and/or representatives, to-wit:

A) Failure to exercise reasonable care in maintaining and inspecting the premises and store;

B) Failure to exercise reasonable care in keeping the premises free of unreasonably dangerous risks of harm, including but not limited to the floors, aisles, and/or passageways of the store;

C) Failure to properly inspect and maintain the premises, specifically the floors, aisles, and/or passageways;

D) Failure to develop, implement and/or adhere to safety procedures for inspection and maintenance of the premises, including the floors, aisles and/or passageways of the store;

E) Failure to warn invitees, pedestrians, customers and/or the general public of the condition of the floors, aisles and/or passageways provided for invitees, customers and/or the general public to use while inside the store;

F) Failure to train agents, employees and/or representatives of Home Depot in safety protocol and maintenance and inspection procedures for customer and invitee walking areas/surfaces, specifically the floors, aisles and/or of the store;

G) The creation of unreasonably dangerous conditions and hazards on the premises, including but not limited to the string and/or rope material on and/or in the aisle, passageway and/or floor of the store;

H) Failure to do that which should have been done under the circumstances as to avoid the accident in question.

14.

Petitioner, Gloria J. Jaccuzzo, alleges that as a result of the accident she suffered injuries consisting of but not limited to injuries to her right shoulder and the musculo-ligamentous structures thereof and other concomitant symptomatology commonly associated with said injuries.

15.

Petitioner, Gloria J. Jaccuzzo, alleges that she is entitled to and therefore claims damages in a reasonable sum for her past, present and future pain and suffering, mental anguish and anxiety, loss of enjoyment of lifestyle, residual physical and mental impairment and disability.

Certified True and Correct Copy
CertID: 2020091600153
9-29-2020
Lafayette Parish
Deputy Clerk of Court
Generated Date: 9/16/2020 10:30 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).
20191003167
EXHIBIT B
0020200929032395

16.

As a result of the aforementioned accident and subsequent injuries, petitioner, Gloria J. Jaccuzzo, has incurred medical expenses, and petitioner anticipates incurring additional such expenses in the future; accordingly, petitioner claims that she is entitled to past, present and future medical expenses in a reasonable sum.

17.

As a result of the injuries sustained by his wife (Gloria J. Jaccuzzo), petitioner, Kenneth P. Jaccuzzo, has suffered loss of consortium with his wife, and therefore Kenneth P. Jaccuzzo alleges that he is entitled to damages in a reasonable sum for his loss.

WHEREFORE, petitioners, GLORIA J. JACCUZZO and KENNETH P. JACCUZZO, pray for judgment jointly, severally and in solido, condemning said defendant, HOME DEPOT U.S.A., INC., to pay unto petitioners all general and special damages available to petitioners under law, in a reasonable sum, together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted:

LAW OFFICES OF
KENNETH W. DEJEAN

_____
KENNETH W. DEJEAN (No. 4817)
ADAM R. CREDEUR (No. 35095)
NATALIE M. DEJEAN (No. 32423)
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, LA 70502
Phone: (337) 235-5294
Fax: (337) 235-1095
kwdejean@kwdejean.com
adam@kwdejean.com
natalie@kwdejean.com
COUNSEL FOR PETITIONERS

PLEASE SERVE:

HOME DEPOT U.S.A., INC.
Through its Registered Agent for Service of Process:
CSC of St. Tammany Parish, Inc.
4600 Highway 22, Suite 9
Mandeville, LA 70471

Certified True and Correct Copy
CertID: 2020091600153
9-29-2020
Lafayette Parish
Deputy Clerk of Court
Generated Date: 9/16/2020 10:30 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).
20191003167
EXHIBIT B
0020200929032395